IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD C. HUGLER,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br>                      Plaintiff,<br><br>v.<br><br>**RAMIREZ PLASTERING, LLC**,<br>and **ISMAEL RAMIREZ**,<br>individually,<br>                      Defendants. | CIVIL ACTION NO. 8:17-cv-37 |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor of the United States Department of Labor, brings this action pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), (hereinafter "the Act"), to enjoin Defendants from their continued violation of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, including the imposition of a restraint on Defendants precluding the withholding of any payment of overtime compensation found by the Court to be due under the Act; and to recover unpaid overtime compensation owed by Defendants to their employees, together with an additional equal amount to be recovered as liquidated damages, pursuant to Section 16(c) of the Act.

### INTRODUCTION

1. Throughout the statutory period, Defendants Ramirez Plastering, LLC ("Ramirez Plastering") and Ismael Ramirez ("Ramirez") (collectively "Defendants") willfully failed to comply with the provisions of the Act by knowingly withholding tens of thousands of dollars in overtime compensation due to certain non-exempt employees and failing to make, keep, and preserve employee time records which included overtime hours.

1

## DEFENDANTS

2. Defendant Ramirez Plastering is a limited liability company organized under the laws of the State of Nebraska, with its principal office and place of business at 9625 Redick Avenue, Omaha, Nebraska. Defendant Ramirez Plastering is a construction company that specializes in EIFS, stucco, stone, scaffold, plaster and drywall.

3. At all times relevant herein, Defendant Ramirez Plastering has been an "employer" within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

4. Defendant Ismael Ramirez, an individual, is the owner and operator of Ramirez Plastering. At all times relevant herein, Ramirez has acted, directly or indirectly, in the interests of Defendant Ramirez Plastering with respect to its employees. Specifically, Ramirez has hired and/or fired employees of Defendant Ramirez Plastering, fixed employee wages, and signed employee paychecks. Accordingly, Ramirez is an "employer" within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c), 217, as well as by 28 U.S.C. §§ 1331 and 1345.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this District.

## COVERAGE

7. The business activities of Defendants were and are related and performed through unified operation and common control for a common business purpose, and have, since December 1, 2012, constituted an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

8. Since December 1, 2012, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees transporting, constructing, and otherwise working on materials that have been moved in or produced for commerce by any person; and annual gross volume of sales made or business done of not less than $500,000; and, therefore, was and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

## **FACTUAL ALLEGATIONS**

9. Throughout the statutory period, Defendants knowingly failed to pay their non-exempt employees overtime wages at a rate one-and-one-half times their respective straight pay.

10. Instead, Defendants issued separate weekly checks to individual employees related to hours worked in excess of forty (40) hours a week, which were improperly paid at the respective employee's straight time rate.

11. During the statutory period, Defendant Ramirez was advised by his accountant that Defendant Ramirez Plastering's failure to pay its employees at a rate of one-and-one-half times standard pay for all hours worked in excess of forty (40) hours per week was against the law.

12. However, despite such knowledge, Defendants thereafter continued to pay their employees at a straight time rate for hours worked in excess of forty (40) hours per week.

13. Indeed, during the investigation, Defendant Ramirez explicitly admitted that Defendants knowingly paid employee overtime at a straight time rate.

14. Further, at certain times during the statutory period, Defendants also failed to compensate their employees for: (1) loading or unloading of materials at Defendants' warehouse; (2) travel from Defendants' warehouse to job sites; and (3) travel from job site to job site.

3

15. Defendants also failed to make, keep, and preserve employee time records which included overtime hours.

### **VIOLATIONS OF THE ACT**

16. Defendants have willfully violated and continue to violate the provisions of Sections 7 and 15(a)(2), 29 U.S.C. §§ 207, 215(a)(2), of the Act by employing certain employees engaged in commerce, or in the handling of goods or materials that have been moved or produced for commerce, for workweeks in excess of forty (40) hours without compensating said employees at a rate not less than one-and-one-half times their respective straight time rates. Specifically, Defendants' overtime violations result from, but are not limited to, the following practices:

    a. Paying employees straight time rates for overtime hours worked in excess of forty (40) hours per week;

    b. Failing to compensate employees for travel time, including travel time from Defendants' warehouse to job sites, and travel time from job site to job site, resulting in additional unpaid overtime compensation; and

    c. Failing to compensate employees for time spent loading and unloading materials at Defendants' warehouse, resulting in additional unpaid overtime compensation.

17. As "employers" subject to the provisions of the Act, Defendants have violated and continue to violate the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of their employees' wages, hours, and other working conditions and practices of employment, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to Section 11(c) of the Act.

18. Specifically, Defendants failed to, among other things, keep timesheets and/or maintain timesheets which included overtime hours worked in excess of forty (40) hours per week by certain non-exempt employees.

19. As a result of the violations of the Act alleged herein, amounts are owed for unpaid overtime compensation to certain employees specifically named in Appendix A (attached hereto) for the statutory time period.

20. On April 19, 2016, the Parties entered into a Statute of Limitations Tolling Agreement under which Defendants agreed that "the time period beginning on April 19, 2016 until such time as the Secretary of Labor files a lawsuit under the FLSA in this matter … will not be included in computing the time limited by any statute of limitations…."

**PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, Plaintiff prays for judgment in favor of Plaintiff and against Defendants as follows:

(a) An injunction, pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees, successors, parties-in-interest, and those persons in active concert or participation with them who receive actual notice of any such judgment, from prospectively violating the overtime and recordkeeping provisions of the Act;

(b) A judgment, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216, against Defendants for overtime compensation that may be found by the Court to be due under the Act to certain current and former employees of Defendants named in Appendix A, together with an equal additional amount as liquidated damages; and

(c) Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Katherine E. Bissell
Deputy Solicitor for Regional Enforcement

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor

s/ Kim Prichard Flores_____
Kim Prichard Flores
Maryland Bar
Boyce N. Richardson
Missouri Bar #62509
OFFICE OF THE SOLICITOR
U.S. DEPARTMENT OF LABOR
2300 Main Street, Suite 1020
Two Pershing Square Building
Kansas City, MO 64108
Telephone: (816) 285-7260
Fax: (816) 285-7287
E-mail: Flores.Kim@dol.gov
Richardson.Boyce.N@dol.gov

*Attorneys for Plaintiff*